**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL MATTHEWS,                                  :
                                                   :
                    Petitioner,                 :
                                                   :
      v.                                    :      Civil Action No. 16-0214 (TSC)
                                                   :
ATTORNEY GENERAL LORETTA LYNCH,                    :
                                                   :
                Respondent.                  :


**MEMORANDUM OPINION**


This matter is before the Court on Michael Matthews's *pro se* Petition for Writ of Habeas

Corpus and Motion for Appointment of Counsel.  For the reasons discussed below, the Court

will deny both the petition and the motion.


I. BACKGROUND


The petitioner is serving a mandatory term of life imprisonment imposed by the United

States District Court for the Northern District of New York pursuant to the "three strikes"

sentencing law.  *See* 18 U.S.C. § 3559(c)(1)(A)(i); *see also* Pet. ¶ 4.  To provide context for the

petitioner's claims, the Court reviews his criminal history:

> In 2006, in a superseding federal indictment, [the petitioner] was
> charged with one count of bank robbery, in violation of 18 U.S.C. §
> 2113(a), and one count of conspiracy to commit bank robbery, in
> violation of 18 U.S.C. § 371[.]  The government filed an "Enhanced
> Penalty Information" alleging that [the petitioner] had previously
> been convicted of several serious violent felonies; that his record
> included convictions in 1983 on two counts of first-degree robbery
> in violation of N.Y. Penal Law § 160.15, and convictions in 1996 of
> bank robbery in violation of 18 U.S.C. § 2113(a) and (b), and
> conspiracy to commit bank robbery in violation of 18 U.S.C. § 371;

1

> and that . . . the government [sought] enhanced punishment for [the petitioner] under the three-strikes provision of 18 U.S.C. § 3559(c).

*Matthews v. United States*, 682 F.3d 180, 181-82 (2d Cir. 2012); *see* Pet. ¶ 4.

"On September 11, 2006, a jury found [the petitioner] guilty of conspiracy to commit bank robbery ('Count 1') and committing a bank robbery on September 25, 2003, at a Fleet Bank in Syracuse, New York ('the Syracuse robbery') ('Count 2'). *United States v. Matthews*, 999 F. Supp. 2d 352, 354-55 (N.D.N.Y. 2014). The overt acts committed by the petitioner and his co-conspirators to further the conspiracy "included the Syracuse robbery; an October 15, 2003, robbery at a Fleet Bank in Whitesboro, New York ('the Whitesboro robbery'); and a December 11, 2003, robbery at an M & T Bank in Auburn, New York ('the Auburn robbery')." *Id*. The petitioner "pleaded guilty to the Whitesboro and Auburn robberies in state court before the trial began" on the Syracuse robbery. *Id*. at 355. "In 2007, the district court found . . . that [the petitioner] had previously been convicted of at least two serious violent felony offenses, and it sentenced him to, *inter alia,* concurrent terms of life imprisonment." *Matthews*, 682 F.3d at 182; *see United States v. Matthews*, 545 F.3d 223, 225 (2d Cir. 2008) (per curiam). The United States Court of Appeals for the Second Circuit affirmed the convictions on direct appeal. *See id*.; Pet. ¶ 4.

The petitioner filed a post-conviction motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Pet. ¶ 4. He raised an ineffective assistance of trial counsel claim because counsel "had hired, as an investigator to assist in [his] defense, a former police officer with whom . . . Matthews had a prior negative relationship." *Matthews*, 682 F.3d at 182. The petitioner "alleged that due to the conflict of interest stemming from this history, [defense counsel and the investigator] failed to conduct an adequate investigation into possible defenses." *Id*. The Northern District of New York denied the motion without a hearing, and the petitioner

met with some success on appeal to the Second Circuit, which remanded the case for further

proceedings in order that the petitioner "have an opportunity to show what an unbiased

investigator could have unearthed in order to create a reasonable probability that the result of the

trial would have been different." *Id*. at 188.  On remand and after a hearing, the Northern

District of New York found that the "objectively unreasonable investigation and trial

examination . . . was sufficient to undermine confidence in the outcome of the trial with respect

to Count 2," *Matthews*, 999 F. Supp. 2d at 366, and granted the petitioner's § 2255motion "only

with respect to Count 2," that is, the Syracuse robbery.  *Id*.  "[H]is conviction and sentence on

Count 1 remains in full force and effect," however, and because he already is serving two

concurrent life sentences, "his life sentence is unaltered."  *Id*.  The court later denied the

petitioner's motion for a certificate of appealability, as did the Second Circuit.  *See Matthews v.

United States*, No. 14-731 (2d Cir. July 2, 2015).

## II. DISCUSSION

Ordinarily, a federal prisoner who challenges the constitutionality of his sentence must

proceed under 28 U.S.C. § 2255 by filing a motion to vacate, set aside, or correct his sentence in

the district which imposed the sentence.  Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, *may move the court which imposed the sentence to vacate,
> set aside or correct the sentence*.

28 U.S.C. § 2255(a) (emphasis added).  A prisoner has one opportunity to file a § 2255 motion,

and the sentencing court "shall not entertain[]" a second or successive petition "unless it also

appears that the remedy by motion is inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e).  In these rare circumstances, a prisoner may proceed by seeking

a writ of habeas corpus under28 U.S.C. § 2241 if he "can prove his actual innocence on the

existing record . . . and [if he] could not have effectively raised his claim of innocence at an

earlier time."  *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997).  Accordingly, he

may raise a challenge his conviction or sentence "only in certain limited situations where § 2255

is an inadequate or ineffective remedy and "when the failure to allow for some form of collateral

review would raise serious constitutional questions."  *Id*. at 377 (interpreting the "savings

clause" of 28 U.S.C. § 2255(e)).

The petitioner now claims actual innocence with respect to the Syracuse robbery (Count

2).  *See* Pet. ¶ 7.  He "moves this Court pursuant to [28 U.S.C. § 2241] for a writ of habeas

corpus."  *Id*. at 1.  According to the petitioner, he cannot be guilty of conspiracy to commit the

Syracuse robbery (Count 1) in light of the Northern District of New York's decision to vacate his

conviction for the Syracuse robbery (Count 2) itself.  *See generally* Pet. ¶¶ 5-7.  And he claims

that his remedy under 28 U.S.C. § 2255 is inadequate and ineffective because the sentencing

court "has [an] incorrect understanding [of] the law of the conspiracy statute."  *Id*. ¶ 7.

The petitioner's "challenge[ to] the constitutionality of the imposition of his sentence . . .

should be construed as a motion for relief under § 2255," *Poindexter v. Nash*, 333 F.3d 372, 377

(2d Cir. 2003) (citation omitted), even if he purports to file his petition under § 2241, *see, e.g.,*

*Kiles v. Sanders*, No. 09-2444, 2010 WL 315026, at *1 (D.D.C. Jan. 17, 2010).  Because the

petitioner already has filed a § 2255 motion, no district court may entertain a second or

subsequent § 2255 without certification and authorization by a panel of the appropriate court of

appeals.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  His remedy under § 2255 is not inadequate or

ineffective simply because he is barred from filing yet another § 2255 motion, *see Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999), or because his prior § 2255 motion has been denied, *see Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999); *Maldonado-Torres v. Mukasey*, 576 F. Supp. 2d 57, 59 (D.D.C. 2008).

## III. CONCLUSION

This federal district court has an affirmative obligation to examine, *sua sponte,* its jurisdiction to entertain a case. *See Doe by Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Where, as here, "the court determines . . . that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). An Order is issued separately.

DATE: February 17, 2016                                   /s/
                                                          TANYA S. CHUTKAN
                                                          United States District Judge